UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF FLORIDA

**DIXIE TORRES**
        **Plaintiff**

v.                                                                                              Case No.

**DORAL GARDENS CONDOMINIUM ASSOCIATION, INC.**
        **Defendant**
_____/

## COMPLAINT

1. Plaintiff, **DIXIE TORRES** ("Plaintiff"), is a former employee of Defendant **DORAL GARDENS CONDOMINIUM ASSOCIATION, INC.** ("Defendant") and brings this action for compensation and other relief under the Fair Labor Standards Act (the "Act" or "FLSA"), as amended, 29 U.S.C.§ 216(b).

2. Defendant is a corporation with an office and place of business in Miami-Dade County, Florida, where it is engaged in the managing of a condominium.

3. This action is brought to recover from Defendant unpaid overtime compensation, liquidated damages, and costs and reasonable attorney's fees under the provision of 29 U.S.C. § 201 et seq., and specifically under the provisions of 29 U.S.C. § 216(b).

4. Jurisdiction is conferred on this Court by 28 U.S.C. § 1337 and by 29 U.S.C. § 216(b). Defendant is, and at all times pertinent to this Complaint was engaged in interstate commerce. At all times pertinent to this Complaint

1

Defendant regularly owned and operated a business and utilized goods, products and/or materials that moved in interstate commerce. Based upon information and belief the annual gross revenues was in excess of $500.000.00 per annum.

5. By reason of the foregoing, Defendant was during all times hereafter mentioned an enterprise engaged in commerce or in the production of goods for commerce as defined in §§ 3(r) and 3(s) of the Act, 29 U.S.C. §203(r) and 203(s).

6. At all times pertinent to this Complaint Defendant failed to comply with 29 U.S.C. §§ 201-219, and DOL Regulation 29 C.F.R. §§516.2 and 516.4, in that plaintiff performed services for Defendant for which no provision was made by the Defendant to properly pay Plaintiff for those hours.

7. Plaintiff worked for Defendant as a security guard from around June 2015 to around January 2016. By reason of such employment, Plaintiff was employed during such period by an enterprise engaged in commerce or in the production of goods for commerce within the meaning of 29 U.S.C. §§ 206(a) and 207(a). Further, Plaintiff herself was engaged in commerce. The work performed by Plaintiff was directly essential to the business of Defendant in interstate commerce, which was directly essential to the business performed by Defendant.

8. Plaintiff's employment with Defendant provided for compensation at $8.50 /hr, irrespective of the hours worked.

9. In the course of employment with Defendant, Plaintiff worked the number of hours required of her but was not paid time and one-half for all the

hours worked in excess of forty (40) per work week during one or more work weeks.

10. During the period set forth above in Paragraph 7, Plaintiff worked , based on her best estimate, a total of 405.5 hours of overtime for which she was paid at $8.50/hr. Plaintiff is owe a total of $1723.38 ( 4.20 OT Diff x 405.5 hrs ) plus an equal amount in liquidated damages , for a total of $3,446.76.

11. The records concerning the number of hours actually worked by Plaintiff are in the possession, custody and control of Defendant.

**COUNT I: RECOVERY OF OVERTIME COMPENSATION**

12. Plaintiff readopts and re-alleges all allegations contained in Paragraphs 1 through 11 above.

13. Plaintiff is entitled to be paid time and one half of his regular rate of pay for each hour worked in excess of forty (40) per work week for each week during the relevant period where he was not paid said time and one half.

14. By reason of the said intentional, willful and unlawful acts of Defendant, Plaintiff has suffered damages plus incurring costs and reasonable attorney's fees.

15. As a result of Defendant's willful violation of the Act, Plaintiff is entitled to liquidated damages in an equal amount as set forth in Paragraph 10 above.

**WHEREFORE** Plaintiff demands judgment against Defendant for the wages and overtime payments due her during the relevant period for the hours worked by her for which she has not been properly compensated, liquidated damages and attorney's fees and cost of suit, and for all proper relief including

prejudgment interest. Plaintiff further requests that the Court award such other remedies as it deems just and proper. Plaintiff demands trial by jury.

**DATED THIS** 28 day of September, 2016.

        Respectfully submitted,

        LAW OFFICES OF
        ANDRES RIVERA-ORTIZ, P.A.
        Attorneys for Plaintiff
        330 SW 27th Avenue, Suite 608
        Miami, FL 33135
        Tel. 305-643-2255
        Fax 305-643-2256

            s/Andres Rivera-Ortiz
by_____
   ANDRES RIVERA-ORTIZ